**SO ORDERED.**

**SIGNED this 29 day of September, 2011.**



_____
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Designated for on-line use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>BROOKE CORPORATION, et. al.,<br><br>                 DEBTORS. | CASE NO. 08-22786<br>(jointly administered)<br>CHAPTER 7 |
| ALBERT A. RIEDERER, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc.,<br><br>                 PLAINTIFF,<br><br>v.<br><br>Kutak Rock, LLP, et. al.,<br><br>                 DEFENDANTS. | ADV. NO. 10-06246 |

**MEMORANDUM OPINION AND ORDER
DENYING ROBERT D. ORR'S MOTION TO DISMISS**

The matter under advisement is the Motion by Defendant Robert D. Orr to Dismiss Counts I, II, III and IV of the Complaint[1] filed by Plaintiff Albert A. Riederer for Failure to State a Claim Upon Which Relief May Be Granted (hereafter "Motion").[2] Robert D. Orr (hereafter "Orr") appears pro se. Plaintiff Albert A. Riederer, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (hereafter "Trustee") opposes the Motion and appears by Michael D. Fielding, Benjamin F. Mann, and John J. Cruciani, of Husch Blackwell LLP. There are no other appearances. The Court has jurisdiction.

Orr is the founder and former CEO of Brooke Corporation. He was Chairman of the Brooke Corporation Board of Directors from 1991-2008. The First Amended Complaint alleges four causes of action against the members of the Brooke Corporation Board of Directors, including Orr: Count I - improper payment of dividends; count II - breach of fiduciary duty (waste of assets/dividends); count III - breach of fiduciary duty (financial oversight); and count IV - deepening insolvency.

Orr seeks dismissal of all of the counts against him under Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6). The Trustee submits the following as a statement of the applicable standard of review for motions to

---

[1] The Trustee has filed a First Amended Complaint (hereafter referred to in the text as "Amended Complaint"), docket number 67. The amendment made no material changes with respect to the claims against Robert D. Orr.

[2] Dkt. 105.

dismiss for failure to state a claim under Rule 12(b)(6), which the Court finds accurate and therefore adopts:

> On a motion to dismiss for failure to state a claim under Rule 12(b)(6) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012(b)), the Court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotations omitted). Thus, in reviewing a Rule 12(b)(6) motion, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (internal quotations omitted). "The grant of such a motion is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir. 1989) (internal quotations omitted).[3]

Generally, a motion under Rule 12(b)(6) is decided upon the complaint, the motion to dismiss, and the legal arguments, without consideration of extra materials. In this case, Orr has submitted with his memorandum in support of the Motion copies of the complaints filed in five pending cases involving Orr, Brooke Corporation, or related companies.[4] Although the Court has discretion to consider a wide range of materials if

---

[3] Dkt. 110, pp. 2-3.

[4] *The Bank of New York Mellon, as Trustee, et al. v. Brooke Holdings, Inc.*, case no. 10-CV-2293, United States District Court for the District of Kansas; *Fifth Third Bank, as Trustee, et. al. v. Brooke Holdings, Inc.*, case no. 10-CV-2294, United States District Court for the District of Kansas; *Orr v. Riederer*, case no. 10-CV-21, District Court for of Phillips County, Kansas (removed to United States District Court for the District of Kansas, case no. 10-CV-01303); *Riederer v. Brooke Holdings, Inc., et. al.*, case no. 08-22786, adv. no. 10-06225, United States Bankruptcy Court for the District of Kansas; *Riederer v. The Bank of New York Mellon, et. al*, case no.08-22786, adv. no 10-06243, United

3

found to be substantial and comprehensive enough to facilitate disposition of the matter,[5] the Court declines to consider Orr's attachments. The complaints provide nothing of evidentiary value which could assist the Court in determining whether the Trustee has asserted a claim for which relief may be granted against Orr in this case.

**Orr's Arguments Regarding the Sale of Brooke Corporation's Franchise and Loan Units do not provide a Basis to Dismiss Counts I, II, III, or IV.**

Orr's first two arguments, presented in response to Counts I, II, III, and IV, are based upon the alleged conversion of Brooke Corporation into a holding company in 2007 by virtue of the sale of its franchise and lending units, resulting in the formation of Aleritas and Brooke Capital. Orr's first argument, highly summarized, is that these sales established that the units had value before the sales in 2007, so Brooke Corporation was not insolvent at that time. He further argues that after the sales the Brooke Corporation Board of Directors had no duty to prevent wrong-doing by Alertias and Brooke Capital and was prohibited from interfering in the affairs of Alertias and Brooke Capital.

Orr is in effect asking the Court to weigh his potential evidence against the allegations of the Amended Complaint. As stated above, this is not the Court's function

---

States Bankruptcy Court for the District of Kansas.

[5] 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1364 (3d ed. 2004). Rule 12(d) addresses consideration of matters outside the pleadings. It provides in part, if, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Under this subsection "federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely upon it, thereby converting the motion [to one under Rule 56], or to reject it or simply not consider it." *Id.* at §1366.

4

on a motion to dismiss. Further, Orr's factual basis for his arguments is unsupported, and he presents no legal authorities which would support dismissal, even if the facts were established. There is no basis from which the Court can conclude that the Trustee has not stated a claim for relief in Counts I, II, II, and IV based upon these arguments.

**The Allegations of Count I of the First Amended Complaint, Improper Payment of Dividends, States a Claim Against Orr.**

Next, Orr argues that the Trustee fails to state a claim in Count I, improper dividend payments, because the Trustee has misinterpreted Kansas law. The Trustee alleges that Orr, and the other members of the Brooke Corporation Board of Directors, have liability for improper declaration of common stock dividends between February 2003 and January 2008, when the board of directors paid dividends either knowing Brooke Corporation was insolvent or when it should have known that Brooke Corporation was insolvent. The Trustee relies upon the Kansas corporate code. K.S.A. 17-6420 provides that directors of a corporation may declare and pay dividends upon the shares of its stock either out of surplus or, if there is no surplus, out of net profits for the fiscal year in which the dividend is declared. K.S.A. 17-6424 provides that in the case of any willful or negligent violation of the statute regarding the limitations on dividends, the directors shall be jointly and severally liable, for the full amount of the dividend unlawfully paid, with interest.

Orr alleges the Complaint fails to state a claim for improper payment of dividends because the Trustee alleges insolvency rather than lack of surplus and net profits. The

5

Court finds this distinction immaterial. Although the Amended Complaint does not use the words "surplus" or "net profits," it does allege that Brooke Corporation was insolvent from 2003 through the date when it filed for bankruptcy in 2008. Under Delaware law, after which the Kansas corporate code is patterned, a stock dividend is illegal if made when the corporation was insolvent.[6] Interpreting the Amended Complaint in the light most favorable to the Trustee, the Court finds the Trustee sufficiently alleges a violation of Kansas statutes regarding declaration and payment of dividends.

Next, Orr argues that Count I should be dismissed based upon good faith reliance of the directors on professional advisers, including codefendants Kutak Rock and underwriters. This good faith reliance defense is codified in K.S.A. 17-6422. It inherently raises issues of fact outside the Amended Complaint and therefore is not a basis for dismissal for failure to state a claim.

Finally, Orr argues that the Trustee is improperly seeking to hold the directors liable for dividends paid more than three years before the Complaint was filed. He notes that under K.S.A. 17-6424, the directors may only be held liable for unlawful dividends within three years of when those dividends were paid. The Trustee shows this defense is not a valid ground for dismissal of Count I for two reasons. First, the Bankruptcy Code provides the Trustee with a two year grace period in which to bring claims existing at the time of filing, making the improper dividend claim timely as to any unlawful dividends

---

[6] *EBS Litigation LLC v. Barclays Global Investors, N.A.*, 304 F.3d 302, 305 (3rd Cir. 2002).

paid after October 28, 2005.  Second, the Trustee raises the adverse domination doctrine, which operates to toll the running of the statute of limitations when directors charged with wrongful conduct dominate the board of the corporation to the extent that there are no directors who have knowledge of the facts giving rise to possible liability who could have or would have induced the corporation to act.[7]  It applies to claims for negligence and breach of fiduciary duty.[8]  If this fact based theory is proven, the directors would have liability for all illegal dividends alleged in the Complaint, not withstanding the three year limits of K.S.A. 17-6424.

**Orr's Arguments that the Trustee's Insolvency Calculations do not Conform with Applicable Law Fail to Provide a Basis to Dismiss Counts I, II, III, and IV.**

Next Orr challenges the Trustee's insolvency calculations.  First, citing paragraph 125 of the Amended Complaint, he contends the Trustee erroneously consolidates the assets and liabilities of Brooke Corporation, Aleritas, and Brooke Capital when applying the Bankruptcy Code balance sheet definition of insolvency as stated in 11 U.S.C. § 101(32)(A).  However, paragraph 125 of the Amended Complaint does not reference the bankruptcy definition of insolvency, but rather alleges that if Brooke Corporation had properly followed GAAP and relevant SEC guidelines, its equity for 2003 through 2007 would have been negative.

---

[7] *Resolution Trust Corp. v. Scaletty*, 257 Kan. 348, 349-50, 891 P.2d 1110, 1112 (1995).

[8] *Id.*, 257 Kan. at 359, 891 P.2d at 1117.

7

Orr questions additional accounting practices of the Trustee, including the application of GAAP values for solvency calculations and the failure to use market values determined by the sale of Brooke Corporation's franchise and loan units. These contentions raise only factual matters which cannot be the basis for a motion to dismiss.

**Orr's Argument that the Complaint was Filed for Improper Purpose Provides no Basis for Dismissal under Rule 12(b)(6).**

Orr argues that the Amended Complaint should be dismissed in full because the Trustee filed action for improper purposes. No legal authorities are cited suggesting that wrongful motivation is a basis to dismiss under Rule 12(b)(6) or even a defense to a civil claim. Even if improper motivation is a defense, its consideration would be absolutely contrary to the limited inquiry of Rule 12(b)(6), under which the Court must consider the well pleaded allegations of the complaint as true and not weigh evidence which might be presented at trial.

**Conclusion.**

Application of the standards for determining a motion to dismiss under Rule 12(b)(6) leave no doubt that the Motion must be denied. Counts I, II, III, and IV of the Amended Complaint state claims upon which relief may be granted against Orr. The Motion to Dismiss is denied.

**IT IS SO ORDERED.**

###